UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| LARRY C., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:19-cv-01371-SLD-JEH |
| | ) |
| KILOLO KIJAKAZI,[1] | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Before the Court is Plaintiff Larry C.'s motion for attorney's fees, ECF No. 16. Larry requests that the Court award him $3,197.25 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1), which provides that a court may award fees and expenses to a prevailing party in any civil action brought by or against the United States. For the following reasons, the motion is GRANTED.

## BACKGROUND

Larry filed this suit on November 19, 2019, seeking judicial review of the Commissioner of Social Security's ("the Commissioner") final decision denying his claim for disability benefits. Compl. 1, ECF No. 1. On May 11, 2020, Larry moved for summary judgment, ECF No. 9, and the Commissioner moved for summary affirmance on June 17, 2020, ECF No. 12. The Court ultimately granted Larry's motion, denied the Commissioner's motion, reversed the Commissioner's decision, and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g). March 2, 2021 Order 2, ECF No. 14. Judgment was entered on March 4, 2021.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi, Acting Commissioner of Social Security, is substituted for her predecessor. The Clerk is directed to update the docket accordingly.

Judgment, ECF No. 15.  Larry filed the instant motion on May 23, 2021.  The Commissioner does not oppose his motion.  Not. No Opp'n 1, ECF No. 17.

## DISCUSSION

**I.     Attorney's Fees Under the EAJA**

Under the EAJA, a successful litigant against the federal government is entitled to recover his attorney's reasonable fees if: (1) he is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no special circumstances that would make an award unjust; and (4) he filed a timely application with the district court.  28 U.S.C. § 2412(d)(1)(A); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

First, Larry is a "prevailing party" within the meaning of the EAJA by virtue of having had judgment entered in his favor and his case remanded to the Commissioner for further review. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the litigation with victory for the plaintiff" confers prevailing party status under the EAJA); *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming prevailing party status appropriate when "the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit'" (alteration in original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))).

The next question is whether Larry's request for attorney's fees is timely.  Section 2412(d)(1)(B) requires that a party seeking an award of fees submit to the court an application for fees and expenses within 30 days of final judgment in the action.  The term "final judgment" refers to judgments entered by a court of law, not decisions rendered by an administrative agency.  *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991).  Moreover, in Social Security cases involving a remand, the filing period for attorney's fees does not begin tolling until the judgment

is entered by the court, the appeal period has run, and the judgment has thereby become unappealable and final. *Id*. at 102; *Schaefer*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended."). Here, judgment was entered on March 4, 2021, and Larry filed the instant motion on May 23, 2021, 80 days later. Either party would have had 60 days to appeal, *see* Fed. R. App. P. 4(a)(1)(B), plus the 30-day allowance in accordance with Section 2412(d)(1)(B). Thus, a party must make an EAJA application within 90 days from entry of judgment. Because Larry's motion for attorney's fees falls within this window, the Court finds his request is timely.

The next issue is whether the government's position was "substantially justified." Attorney's fees may be awarded if either the Commissioner's litigation position or her pre-litigation conduct lacked substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). For the Commissioner's position to have been substantially justified, it must have had reasonable factual and legal bases and a reasonable connection between the facts and her legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). Critically, the Commissioner has the burden of proving that her position was substantially justified. *Golembiewski*, 382 F.3d at 724 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). Here, Larry's request for attorney's fees is unopposed by the Commissioner. *See* Not. No Opp'n 1. The Commissioner thus cannot be said to have met her burden of establishing that both her litigation position and her pre-litigation conduct were substantially justified.

Finally, no special circumstances exist that would make an award of attorney's fees unjust. Therefore, Larry is entitled to recover reasonable attorney's fees under the EAJA.

## II. Reasonableness of Larry's Attorney's Fees

It is a successful litigant's burden to prove that the attorney's fees he requests are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Reasonable fees are calculated by multiplying the appropriate number of hours worked by a reasonable hourly rate. *Id*. at 433. The rate is calculated with reference to prevailing market rates and capped at $125 per hour unless the court determines that "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved," warrants a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). The Seventh Circuit has set forth the following standard for EAJA claimants seeking a higher hourly rate:

> An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate need not offer either (1) proof of the effects of inflation on the particular attorney's practice or (2) proof that no competent attorney could be found for less than the requested rate. Instead, an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience. An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015).

To determine the appropriate number of hours worked, the Court turns to Larry's attorneys' itemization of hours. Itemization of Hours, ECF No. 16-2. The itemization shows that Larry's attorneys spent 17.4 hours[2] on his case. *Id*. The Court finds that all 17.4 hours spent on this case were appropriately billed. *Cf. Kinsey-McHenry v. Colvin*, No. 2:12-CV-332-PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (noting that courts within the Seventh Circuit have found 40 to 60 hours expended on a Social Security appeal reasonable).

---

[2] The entry for April 24, 2020 provides that Larry's attorney spent 3.1 hours on the case but also includes an additional number at the bottom of the hours box: 9.8. Itemization of Hours 1. Because the numbers not including the 9.8 add up to 17.4 hours—Larry's attorneys' asserted number of total hours—the Court assumes the 9.8 was mistakenly included and does not include it in the number of hours it finds Larry's attorneys spent on the case.

4

Larry asserts that his attorneys' work should be compensated at an hourly rate of $183.75. Mem. Supp. Mot. EAJA Fees 7, ECF No. 16-1. To justify the requested rate, he points to the change in the consumer price index ("CPI") for all consumers nationwide[3] between the time Congress set the rate cap at $125 per hour (March 1996) and the average CPI as of January 2015.[4] *Id*. at 6–7. His attorneys attest that rates higher than the rate requested here would be reasonable for attorneys with similar qualifications and skills. DePree Aff., ECF No. 16-4; Keller Aff., ECF No. 16-5.

The Court finds that an increase above the statutory $125 ceiling is warranted both by the change in the CPI and by the assurances contained in Larry's attorneys' affidavits that the rate of compensation sought is not excessive. To determine what fee increase above the statutory ceiling may be authorized, courts have looked to the ratio of the CPI at the time legal services were rendered to the CPI at the time the current statutory limit of $125 was set (March 1996). The $125 limit is multiplied by this ratio to determine the proportional change in rate. *See, e.g.*, *Booker v. Colvin*, No. 09 C 1996, 2013 WL 2147544, at *6 (N.D. Ill. May 16, 2013); *Carnaghi v. Astrue*, No. 11 C 2718, 2012 WL 6186823, at *5 (N.D. Ill. Dec. 12, 2012).

---

[3] There is some confusion in the case law over whether courts should use a regional CPI or the national CPI. *See, e.g.*, *Jensen v. Berryhill*, 343 F. Supp. 3d 860, 865–67 (E.D. Wis. 2018) (noting that district courts in the Seventh Circuit have used both the national and regional CPIs). Larry does not explicitly state whether he uses a regional CPI or the national CPI in his calculations. He cites to the national CPI for his March 1996 figure and when providing examples of how to calculate the cost-of-living increase between two dates. *See* Mem. Supp. Mot. EAJA Fees 6. However, the CPI he provides for January 2015, *see id*. at 7, is not the national figure but rather the CPI for Urban Wage Earners and Clerical Workers, *see CPI for Urban Wage Earners and Clerical Workers (CPI-W)*, U.S. Bureau of Labor Statistics, https://beta.bls.gov/dataViewer/view/timeseries/CWUR0000SA0 (change output option to from 1996 to 2021) (last visited October 5, 2021). Because the Court does not use Larry's suggested January 2015 date but makes its own calculations based on the average CPI between March 2019 and May 2021, it chooses to use national CPI data. Regardless, the hourly rate sought is reasonable under a cost-of-living increase calculated using the CPI for Urban Wage Earners and Clerical Workers as well. *See id.* (providing that the CPI for March 1996 was 152.9 and the average CPI between March 2019 and May 2021 was 252.67).

[4] No explanation is provided for choosing January 2015 as a reference point, *see* Mem. Supp. Mot. EAJA Fees 7—the work on this case took place entirely between March 2019 and May 2021, *see* Itemization of Hours 1–2.

The work in this case was performed between March 2019 and May 2021. Itemization of Hours 1–2. The average national CPI during that period, calculated using the CPI of every month from March 2019 to May 2021, is 259.07. *See CPI for All Urban Consumers (CPI-U)*, U.S. Bureau of Labor Statistics, https://data.bls.gov/timeseries/CUUR0000SA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (change output option to from 1996 to 2021) (last visited October 5, 2021). As the CPI in March 1996 was 155.7, *id*., the CPI had increased by a factor of 1.66390. An increase of the $125 statutory cap to $207.99 is therefore warranted. This exceeds the hourly rate sought, and the Court thus finds that an hourly rate of $183.75 is reasonable. Using that rate, the total amount of attorney's fees for the 17.4 hours of work Larry's attorneys performed is $3,197.25, which is the amount requested. This amount is reasonable. *See, e.g.*, *Miller v. Comm'r Soc. Sec.*, CAUSE NO. 1:16-cv-00122-SLC, 2018 WL 5668934, at *3, *5 (N.D. Ind. Nov. 1, 2018) (awarding an hourly rate of $190.00 for a total of $11,457.00 in fees and collecting cases approving similar rates).

## CONCLUSION

Accordingly, the motion for attorney's fees, ECF No. 16, is GRANTED. Plaintiff Larry C. is awarded $3,197.25 in EAJA fees. This amount may be offset to satisfy any pre-existing debt that Larry owes to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Larry has assigned his right to EAJA fees to his attorneys, Att'y Fee Contract, ECF No. 16-3, so if the Commissioner can verify that Larry does not owe a pre-existing debt to the United States subject to offset, the Commissioner will direct that the award be made payable to Larry's counsel. *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011), *overruled on other grounds by Sprinkle*, 777 F.3d 421. If Larry does owe a pre-existing debt subject to offset in an amount less

than the EAJA award, the Commissioner will instruct the U.S. Department of the Treasury that any check for the remainder after offset be made payable to Larry and mailed to the business address of Larry's attorneys.

    Entered this 7th day of October, 2021.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE